Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000684
14-MAY-2014
07:57 AM

NO. CAAP-11-0000684

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

R2B INVESTORS, LLC, Plaintiff-Appellee,
v.
SALLY RAE REYNOLDS and JOSEPH STEVENSON BEALE,
Defendants-Appellants

and

THE LEADERS BANK; FREDERICK D. PABLO, in his official
capacity as Director of the Department of Taxation,
State of Hawai'i; MICHAEL R. HANSEN, in his official
capacity as Director of Budget and Fiscal Services
Department, City and County of Honolulu,[1]
Defendants-Appellees,

and

DOE DEFENDANTS 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1890)

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Foley and Fujise, JJ.)

This case arises out of a $1.5 million loan made by
Plaintiff-Appellee R2B Investors, LLC (R2B), to Defendant-

---

[1] Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 43(c)(1) (2010), Frederick D. Pablo, the current Director of the Department of Taxation of the State of Hawai'i, is automatically substituted as a party for Stanley Shiraki, the former Director, and Michael R. Hanson, the current Director of Budget and Fiscal Services Department of the City and County of Honolulu, is automatically substituted as a party for Rix Maurer, III, the former Director.

Appellant Sally Rae Reynolds (Reynolds), which was secured by a mortgage on Reynolds' real property and guaranteed by Reynolds' husband, Defendant-Appellant Joseph Stevenson Beale (Beale). Reynolds defaulted on her loan, R2B obtained an interlocutory decree of foreclosure with respect to Reynolds' property, and the property was sold at a foreclosure auction.

Beale appeals from the Judgment filed by the Circuit Court of the First Circuit (Circuit Court)[2] on August 25, 2011, which confirmed the sale of Reynolds' property to a third party. The Judgment was entered pursuant to the Circuit Court's August 25, 2011, "Order Granting [R2B's] Motion for (1) Approval of Commissioner's Report; (2) Confirmation of Sale; (3) Determination of Commissioner's Fees and Expenses; (4) Determination of [R2B's] Attorneys' Fees, Costs and Expenses; (5) Writ of Possession and Authority to Dispose of Personal Property; and (6) Deficiency Judgment Filed March 22, 2011" (Order Confirming Sale). The Order Confirming Sale determined that a deficiency existed between the amounts owed to R2B and the proceeds of the sale, and it ordered the entry of a deficiency judgment in favor of R2B and against Reynolds and Beale, jointly and severally.

On appeal, Beale contends that the Circuit Court erred in ordering the entry of a deficiency judgment against Beale in the Order Confirming Sale because a prior order granting summary judgment, on which the interlocutory decree of foreclosure was based, only specifically referred to a deficiency judgment against Reynolds.[3] However, as explained below, Beale and Reynolds signed a stipulation, filed in the Circuit Court, in which they waived their right to appeal the Order Confirming Sale

---

[2] The Honorable Bert I. Ayabe presided.

[3] The notice of appeal was filed by both Reynolds and Beale and also identified the Judgment for Possession and Writ of Possession as among the matters being appealed. However, the opening brief makes clear that the appeal only raises the issue of whether the Circuit Court erred in ordering the entry of a deficiency judgment against Beale in the Order Confirming Sale.

in the event it was entered. Based on this stipulated waiver, we hold that Beale is not entitled to challenge the provision in the Order Confirming Sale that ordered the entry of a deficiency judgment against him. Since Beale's challenge to this provision is the only issue he raises on appeal, we dismiss Beale's appeal and do not reach the merits of his challenge to the Order Confirming Sale.

BACKGROUND

I.

As consideration for a $1.5 million loan (Loan) in 2007, Reynolds gave R2B a promissory note (Original Note) and a first mortgage (Original Mortgage) on her real property (Property) located in Honolulu. As an inducement to R2B to make the Loan to Reynolds, Beale, Reynolds' husband, guaranteed the full performance of Reynolds' obligations (Guaranty) with respect to the Loan. On August 1, 2008, R2B and Reynolds amended the Original Note, and Beale, as guarantor, agreed to the amendments.

As the result of Reynolds' failure to repay the Original Note, as amended, on its maturity date, and Beale's failure to perform under his Guaranty, R2B filed a foreclosure action on December 26, 2008 (2008 Foreclosure Action). After the Circuit Court issued a decree of foreclosure, the 2008 Foreclosure Action was resolved pursuant to the terms of a September 30, 2009, Settlement Agreement (Settlement Agreement). As part of the Settlement Agreement, R2B dismissed the 2008 Foreclosure Action and reinstated its Loan, and Reynolds and Beale agreed to pay overdue interest and other amounts. Reynolds, as "Borrower," and Beale, as "Guarantor," signed a Modified and Reinstated Promissory Note, and Reynolds signed an amendment to the Original Mortgage.

In the Settlement Agreement, Reynolds and Beale affirmed that the documents related to the Loan, which included the Guaranty, "are valid enforceable and binding on them." The Settlement Agreement provided that in the event of a future foreclosure action brought to enforce the obligations of Reynolds

3

and Beale under the Settlement Agreement, the Original Note, as amended, the Original Mortgage, as amended, and the Guaranty, Reynolds and Beale "hereby waive any right to appeal from an order granting R2B's motion for summary judgment, interlocutory decree of foreclosure and order of sale or a judgment entered thereon, provided that such waiver of the right to appeal does not apply to any subsequent dispute limited solely to the interpretation of the terms and conditions of this [Settlement] Agreement." The Settlement Agreement also provided that Reynolds and Beale agree that in any such future action, "service of the Complaint and Summons upon them may be effected through their counsel, Gary Victor Dubin . . . and Mr. Dubin is hereby authorized to accept service on their behalf."

On May 5, 2010, Reynolds and Beale executed a "First Amendment to Modified and Restated Promissory Note," which, among other things, amended the schedule of principal payments and default provisions of the Modified and Restated Promissory Note. Beale, as guarantor, agreed to these amendments and confirmed that his guaranty "shall remain in full force and effect" as to the Loan and the documents related to the Loan, as amended. Hereinafter, we will refer to the Original Note, as amended, as the "Note" and the Original Mortgage, as amended, as the "Mortgage." We will also hereinafter collectively refer to the Note, the Mortgage, the Guaranty, and the Settlement Agreement as the "Loan Documents."

II.

When Reynolds and Beale fell into default under the Loan Documents, R2B filed a complaint on September 1, 2010, and a "First Amended Complaint for Foreclosure" (Amended Complaint) on September 20, 2010. The Amended Complaint, among other things, alleged that:

1. As an inducement to and part of the consideration for R2B making a $1.5 million loan to Reynolds, Beale executed the Guaranty, which guaranteed Reynolds' full performance of her obligations under the Loan.

4

2. Demand has been made on Reynolds and Beale for amounts due and owing to R2B, but they have failed to make payments under the Note, the Mortgage, and the Guaranty.

3. As of September 1, 2010, Reynolds and Beale were indebted to R2B under the Settlement Agreement, the Note, the Mortgage, and the Guaranty, in the total amount of $1,533,078.54.

4. "By virtue of the Guaranty, Defendant Beale is jointly and severally liable to [R2B] for the amount due under the Note."

The Amended Complaint requested that the Circuit Court grant relief against Beale as follows:

> In the event such foreclosure or other sale of the [Property] results in proceeds insufficient to satisfy all amounts determined to be due and owing to [R2B] and there remains a deficiency, directing entry of a deficiency judgment in favor of [R2B] and against Defendants Reynolds and Beale, jointly and severally, in the amount of such deficiency and that [the Circuit Court] allow [R2B] immediate execution thereof[.]

Beale did not file an answer to the Amended Complaint, and according to R2B, Beale "has never denied the allegations of the [Amended Complaint]."

On September 22, 2010, R2B filed a "Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale" (Motion for Summary Judgment). R2B specifically moved that the Circuit Court: (1) find that Reynolds had defaulted on her obligations under the Note, the Mortgage, and the Settlement Agreement and that Beale had defaulted "under the terms of the Settlement Agreement and Guaranty, as described in the [Amended] Complaint"; and (2) "direct that summary judgment and an interlocutory decree of foreclosure enter in favor of [R2B] against all Defendants for the relief demanded in the [Amended Complaint.]" In its memorandum in support of the Motion for Summary Judgment, R2B stated that it was seeking "summary judgment against Defendant Beale as to the claims in the [Amended] Complaint relating to the Guaranty, for his failure to fulfill his obligations under said

5

Guaranty of guaranteeing the full performance of Defendant Reynolds' obligations under the Note and Mortgage and that Defendant Beale be held liable to [R2B] in accordance with the Guaranty and the Settlement Agreement."

R2B also attached a copy of the Guaranty to its Motion for Summary Judgment. The Guaranty provides, in relevant part, that the Guarantor:

> e. Agrees that Lender, without notice to Guarantor, . . . may . . . (vi) exercise any right or remedy Lender may have with respect to the Indebtedness or any collateral securing the Indebtedness, including without limitation judicial foreclosure, . . . and Guarantor shall be liable to Lender for any deficiency resulting from the exercise by Lender of any such remedy, even though any rights which Guarantor may have against any other person or party, including without limitation Borrower, might be diminished or destroyed; and
>
> f. Agrees that the obligations of Guarantor hereunder are joint and several, and independent of the obligations of Borrower . . . ."

Beale did not file an opposition to the Motion for Summary Judgment and did not appear at the hearing on the motion.

On October 7, 2010, the clerk of the Circuit Court entered default against Reynolds, and in favor of R2B, for Reynolds' failure to answer or otherwise respond to the Amended Complaint.

The Circuit Court granted R2B's Motion for Summary Judgment, and on December 21, 2010, issued its "Findings of Fact, Conclusions of Law, and Order Granting Plaintiff R2B Investors, LLC's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale Filed September 22, 2010" (Order Granting Motion for Summary Judgment). The Circuit Court's findings of fact included a finding that:

> notwithstanding due and proper demand made upon Defendant Reynolds, as borrower, and Defendant Beale, as guarantor, for payment of the amounts due and owing to [R2B], Defendants have failed, neglected, refused, and continue to fail, neglect and refuse, to pay the amounts due to [R2B] under the Note, Mortgage, Guaranty and Settlement Agreement ("Loan Documents") and are consequently in material default of said Loan Documents.

6

The Circuit Court further found that as of September 1, 2010, Reynolds and Beale were indebted to R2B under the Loan Documents in the total amount of $1,533,078.54. The Circuit Court concluded that R2B was entitled to have "its Mortgage foreclosed on the Property" and "to have the Property sold in the manner prescribed by law and any of the proceeds arising from such sale applied to the sums due and owing to [R2B.]"

The Circuit Court appointed a Commissioner to take possession of the Property and ordered that the Property be sold. The Circuit Court further ordered:

> If it appears that proceeds of the sale of the Property are insufficient to pay all amounts due and owing to [R2B], [R2B] shall be granted a Deficiency Judgment against Defendant Reynolds for the amount of the deficiency which shall be determined upon filing of an appropriate affidavit or declaration. The Court reserves jurisdiction to determine the party or parties to whom the surplus may be awarded.

On December 21, 2010, pursuant to the Order Granting Motion for Summary Judgment, the Circuit Court filed a judgment that entered "summary judgment and an interlocutory decree of foreclosure . . . in favor of [R2B] and against all Defendants on all claims in the [Amended Complaint]." The Circuit Court certified this judgment as a final judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (2000). Beale did not appeal from this judgment.

III.

On March 15, 2011, the Commissioner sold the Property to a third-party. On March 22, 2011, R2B filed a "Motion for (1) Approval of Commissioner's Report; (2) Confirmation of Sale; (3) Determination of Commissioner's Fees and Expenses; (4) Determination of [R2B's] Attorneys' Fees, Costs and Expenses; (5) Writ of Possession and Authority to Dispose of Personal Property; and (6) Deficiency Judgment" (Motion to Confirm Sale). The Motion to Confirm sale requested, among other things, that the Circuit Court "reserve for later determination . . . the amount of deficiency judgment to be entered against Defendants Sally Rae

7

Reynolds and Joseph Stevenson Beale[.]"  Beale did not oppose the Motion to Confirm Sale or appear at the hearing on the motion. The Circuit Court orally granted the Motion to Confirm Sale at the hearing held on April 14, 2011.

On April 19, 2011, counsel for R2B circulated a proposed Order Confirming Sale to Beale and others.  R2B asserts that Paragraph 11 of the proposed Order Confirming Sale stated:

> 11.    A deficiency exists, and a deficiency judgment in favor of R2B and against Defendants Sally Rae Reynolds and Joseph Stevenson. Beale,[4] jointly and severally, for any deficiency between the amounts owed to R2B as determined herein and the sales proceeds applied thereto, shall be entered upon filing by R2B of an appropriate declaration or affidavit in support of such deficiency judgment and R2B shall have execution thereon against Defendants Sally Rae Reynolds and Joseph Stevenson Beale according to law.

On April 25, 2011, a "Notice of Defendant Sally Rae Reynolds' Bankruptcy" (Bankruptcy Notice) was filed in Circuit Court by Reynolds' bankruptcy attorneys.  The Bankruptcy Notice indicated that Reynolds had filed for bankruptcy that same day in the United States Bankruptcy Court for the District of Hawai'i (Bankruptcy Court).  At a Bankruptcy Court hearing on R2B's motion to lift the automatic stay, R2B, Reynolds, and Beale reached a settlement regarding the conditions under which R2B would agree to the automatic stay remaining in effect, which the Bankruptcy Court memorialized in its "Stipulated Order Regarding Secured Creditor's Motion for Relief from Automatic Stay."  As part of the settlement, Reynolds and Beale agreed to sign a stipulation, for filing in Circuit Court at R2B's discretion, in which they would stipulate that:

> In the event the stay is lifted, Reynolds and Beale shall not interfere with the entry of the Order granting R2B's Motion to Confirm Sale or take any act to delay its execution, and without limiting the foregoing, <u>hereby irrevocably waive any rights they may have to appeal or seek reconsideration of or relief from such Order</u>[.]

(Emphasis added.)  Reynolds and Beale signed the stipulation, which was dated July 11, 2011, and submitted it to R2B's counsel.

---

[4] The period after "Stevenson" is in the original.

On August 24, 2011, R2B filed this stipulation in the Circuit Court.

Meanwhile, on August 12, 2011, the Bankruptcy Court entered an order lifting the automatic stay in Reynolds' bankruptcy with respect to the Property. On that date, R2B submitted the proposed Order Confirming Sale to the Circuit Court. On August 15, 2011, Reynolds filed in Bankruptcy Court an Ex Parte motion seeking temporary emergency relief regarding the lifting of the stay, which the Bankruptcy Court granted on August 16, 2011. However, on August 18, 2011, the Bankruptcy Court entered its "Order Lifting Automatic Stay and/or Temporary Emergency Stay," which again lifted the automatic stay as well as the temporary emergency stay it had granted on August 16, 2011. This August 18, 2011, order provided that "[n]o deficiency judgment or other money judgment may be entered against the Debtor [(Reynolds)] unless and until the bankruptcy court enters an order (1) denying the Debtor a discharge, (2) determining that the debt owed to the moving party is non-dischargeable, (3) dismissing the case prior to the entry of a discharge, or (4) expressly authorizing the entry of such a judgment."

On August 22, 2011, Gary Victor Dubin (Dubin), Long H. Vu (Vu), and Frederick J. Arensmeyer (Arensmeyer) entered their appearance as counsel for Reynolds in Circuit Court. Counsel for Reynolds objected to the proposed Order Confirming Sale submitted by R2B because counsel claimed it failed to account for recent payments made by Beale, which affected the computation of the principal and interest owed to R2B, and because it violated federal bankruptcy laws with respect to the disposition of Reynolds' personal property and the entry of a deficiency judgment against Reynolds. Counsel for Reynolds further objected to the proposed Order Confirming Sale on the ground that it provided for the entry of a deficiency judgment against Beale, when the Order Granting Motion for Summary Judgment only directed the entry of a deficiency against Reynolds, and not Beale.

9

On August 25, 2011, the Circuit Court filed its Order Confirming Sale. The Circuit Court confirmed the sale of the Property to third-party purchasers for $1,523,000.00, and it ordered that the sums received from the sale of the Property shall pay (1) all delinquent and accrued real property taxes; (2) the Commissioner's fee and expenses of the sale in the amount of $7,755.10; (3) attorneys' fees and costs in the amount of $39,233.16; and (4) the debt owed to R2B in the amount of $1,715,838.70 plus interest at the rate of $898.16 per day until paid. The Order Confirming Sale further ordered that

> A deficiency exists, and a deficiency judgment in favor of R2B and against Defendants Sally Rae Reynolds and Joseph Stevenson Beale, jointly and severally, for any deficiency between the amounts owed to R2B as determined herein and the sales proceeds applied thereto, shall be entered upon filing by R2B of an appropriate declaration or affidavit in support of such deficiency judgment and R2B shall have execution thereon against Defendants Sally Rae Reynolds and Joseph Stevenson Beale according to law. Such declaration shall not be filed until the conditions of the August 18, 2011 Bankruptcy Court Order Lifting Automatic Stay and/or Temporary Emergency Stay are satisfied.

R2B asserts that the only differences between the August 25, 2011, Order Confirming Sale filed by the Circuit Court and the proposed Order Confirming Sale circulated to Beale in April 2011 was that: (1) the Circuit Court corrected a five hundred dollar addition error; (2) in light of the bankruptcy proceedings commenced after the proposed order was circulated, the Circuit Court (a) deleted language authorizing the third-party purchasers to dispose of personal property remaining on the Property after closing, and (b) inserted language requiring that the declaration of R2B's counsel in support of a deficiency judgment not be filed until the requirements of the Bankruptcy Court's August 18, 2011, order were satisfied; and (3) the spelling of the name of one of the third-party purchasers was corrected[5] and approvals as to form by the Commissioner and the Department of Taxation were noted. In particular, R2B asserts

_____

[5] It appears that other typographical errors were also corrected. See footnote 4, supra.

10

that both the Order Confirming Sale filed by the Circuit Court and the proposed Order Confirming Sale circulated to Beale in April 2011 provided that "[a] deficiency exists, and a deficiency judgment in favor of R2B and against Defendants Sally Rae Reynolds and Joseph Stevenson Beale, jointly and severally, . . . shall be entered[.]"

On August 25, 2011, pursuant to the Order Confirming Sale, the Circuit Court filed its Judgment confirming the sale of the Property. The Circuit Court certified the August 25, 2011, Judgment as a final judgment pursuant to HRCP Rule 54(b). On September 9, 2011, the Circuit Court filed a Judgment for Possession and a Writ of Possession in favor of the third-party purchasers and against Reynolds and Beale effective as of September 19, 2011. The Writ of Possession was executed on September 19, 2011.

IV.

On September 19, 2011, Reynolds and Beale, through their counsel Dubin and Arensmeyer, filed a notice of appeal which identified the matters being appealed as the Circuit Court's: (1) Judgment filed on August 25, 2011; (2) Order Confirming Sale filed on August 25, 2011; (3) Judgment for Possession filed on September 9, 2011; and (4) Writ of Possession filed on September 9, 2011. Before the appellate briefs were filed, R2B filed a "Motion to Dismiss Appeal and For Sanctions" with this court, arguing among other things that the appeal was barred by Reynolds' and Beale's stipulated waiver of their right to appeal the entry of the Order Confirming Sale. We denied R2B's motion without prejudice to R2B presenting any arguments in its answering brief.

DISCUSSION

Beale contends that the Circuit Court erred in ordering the entry of a deficiency judgment against Beale in the Order Confirming Sale because its prior Order Granting Motion for Summary Judgment, on which the interlocutory decree of foreclosure was based, only specifically referred to a deficiency

11

judgment against Reynolds. R2B argues that there is no dispute that Beale was obligated under the Guaranty to pay any deficiency remaining after the foreclosure sale, and that the Circuit Court properly granted summary judgment against Beale after finding him in breach of the Guaranty. More importantly, R2B argues that this court should not even reach the merits of Beale's appeal because the appeal is barred by his stipulated waiver of his right to appeal the Order Confirming Sale.

We agree that Beale's appeal is barred by his stipulation to waive his right to appeal the Order Confirming Sale. R2B asserts that before Beale signed the stipulation, it circulated a proposed Order Confirming Sale to Beale, which specifically provided for the entry of a deficiency judgment in favor of R2B and against Reynolds and Beale, jointly and severally, for any deficiency between the amounts owed to R2B and the sale proceeds. Beale does not dispute that he had notice of the contents of the proposed Order Confirming Sale when he signed the stipulation agreeing to "irrevocably waive any rights [Reynolds and Beale] may have to appeal or seek reconsideration of or relief from [the Order Confirming Sale]." In particular, Beale does not dispute that he had notice of the provision in the Order Confirming Sale which states that "[a] deficiency exits, and a deficiency judgment in favor of R2B and against Defendants Sally Rae Reynolds and Joseph Stevenson Beale, jointly and severally, . . . shall be entered[,]" at the time he signed the stipulation waiving his right to appeal the Order Confirming Sale.

Under the circumstances of this case, where Beale had notice that the Order Confirming Sale would order the entry of a deficiency judgment against him and he thereafter expressly agreed to waive his right to appeal the Order Confirming Sale, we conclude that Beale's waiver of his right to appeal is valid and should be enforced. See Van Duren v. Rzasa-Ormes, 926 A.2d 372, 378 (N.J. Super. Ct. App. Div. 2007) ("The general rule . . . is that a party may, by express agreement or stipulation before trial, or judgment, waive his right to appeal[.]" (block quote

12

format and citation omitted)); <u>McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 222 Cal. Rptr. 228, 232 (Cal. Ct. App. 1985) (concluding that a party may waive its right to appeal, if the waiver is authorized by the party, is express not implied, and is not improperly coerced by the trial judge).

Based on Beale's stipulated waiver of his right to appeal the Order Confirming Sale, we dismiss Beale's appeal. Given our decision, we need not address the merits of Beale's challenge to the provision in the Order Confirming Sale that ordered the entry of a deficiency judgment against him, which is the only issue Beale raises on appeal.[6]

DATED: Honolulu, Hawai'i, May 14, 2014.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendants-Appellants

Louise Y.K. Ing
Pamela W. Bunn
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[6] R2B requests that we find that this appeal was frivolous under HRAP Rule 38 (2000). We are not convinced that this appeal was "manifestly and palpably without merit[.]" <u>Hawaii Teamsters & Allied Workers, Local 996 v. Dep't of Labor & Indus. Relations</u>, 110 Hawai'i 259, 269, 132 P.3d 368, 378 (2006) (internal quotation marks and citation omitted). We therefore decline to find that this appeal was frivolous under HRAP Rule 38.